IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                    CASE NO. 8:10-bk-
KENNETH L LEWIS
ANGELA L LEWIS

                                                            CHAPTER 13

    Debtor
_____/

## CHAPTER 13 PLAN

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan, as modified by the Bankruptcy Court, may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. Payments distributed by the Trustee, as herein provided or as modified by the Court, are subject to the availability of funds.

**PLAN PAYMENTS AND LENGTH OF PLAN:**
The projected disposable income of the Debtor(s) is submitted to the supervision and control of the Trustee. The Debtor(s) shall pay the Trustee by money order or cashier's check following the filing of this chapter 13 plan the sum of **$2,785.00** for 36 months, or longer to a maximum of **60 months**. Each pre-confirmation plan payment shall include, other than regular ongoing mortgage payments, all adequate protection payments made pursuant to § 1326(a)(1)(C).

**CLAIMS GENERALLY:**
The amounts listed for claims in this Plan are based upon Debtor(s) best estimate and belief. The Trustee shall only make payments to the creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation, according to the limitations set forth in the Court's Order Establishing Duties.

**ADMINISTRATIVE CLAIMS:**
Trustee will only pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder(s) of such claim or expense have agreed to a different treatment of their claim.
_____
**TRUSTEE FEES:** Trustee shall receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee. For purposes of this Plan 10% has been used to calculate the Trustee's fee.

**ATTORNEY FEES FOR DEBTOR'S COUNSEL PAID IN PLAN:**

    Total Amount of Attorney Fees:                  $3,800.00
    Amount of Attorney Fees paid pre-filing:        $1,600.00

    Amount of Attorney Fees Paid Through Plan:   $2,200.00

Attorney Fees Paid through Plan to be paid at $500.00 per month until paid in full. (Note: if monthly payment to the trustee is increased during the pendency of this plan then attorney fees will be increased accordingly).
_____

**PRIORITY CLAIMS:**

(A). **Domestic Support Obligations:** Debtor(s) is required to pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this Plan, the following priority claims under 11 U.S.C. § 507(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

**Claimant and Proposed Treatment:** NONE

Pursuant to § 507(a)(1)(B) and § 1322(a)(4), the following domestic support obligations claims are assigned to, owed to, or recoverable by a government unit and /or not assigned to said entity for the purpose of collection.

**Claimant and Proposed Treatment:** NONE

(B). **Internal Revenue Service or any State or Local Government Taxing Authority**:
1. The Internal Revenue Service or any State or Local Government Taxing Authority shall be paid the full amount of any allowable secured claim plus statutory interest within the life of this Plan. Upon payment in full of the secured claim plus applicable interest, any liens shall be released.
2. The Internal Revenue Service or any State or Local Taxing Authority shall be paid the full amount of any allowed Priority Unsecured Claim without interest within the life of this Plan, however, these claims will not be funded until after all secured claims, lease arrearage claims and domestic support claims are paid in full.
3. Any Non-Priority Unsecured Claim of the Internal Revenue Service or any State or Local Government Taxing Authority shall be treated as a General Unsecured Claim for the purpose of distribution under this Plan.
4. In the event the Internal Revenue Service or any State or Local Government Taxing Authority fails to timely file a priority or unsecured claim in this case, any amount owed shall be discharged upon entry of an Order of Discharge in this Chapter 13 case.

| **Name of Creditor** | **Total Estimated Claim** | **Estimated Payment** |
|---|---|---|
| NONE | | |

(C). **Other Priority Claims:** These priority claims will be paid in full but will not be funded until after all secured claims, lease arrearage claims and domestic support claims are paid in full.

| **Name of Creditor** | **Total Estimated Claim** | **Estimated Payment** |
|---|---|---|
| NONE | | |

**SECURED CLAIMS:**

The Debtor(s) may, if current in payments to individual secured creditor, elect to file a motion seeking leave of court to make direct payments to that creditor. The Debtors shall file

such a motion for the following creditor(s) and the associated collateral will NOT BE DEALT WITH IN THE PLAN:

| Name of Creditor | Collateral | Total Estimated Claim | Estimated Payment |
|---|---|---|---|
| GTE FCU | 2005 Scion xB | 1,846.10 | $276.31 |

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor(s) shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor(s) make such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administration lien on such payment(s) subject to objection. If Debtor(s) elect to make such adequate protection payments directly to the creditor, and such creditor is not otherwise paid through the Plan, upon confirmation said claims shall be neither dealt with nor affected by the Plan as confirmed.

| Name of Creditor | Total Estimated Claim | Ad. Prot. Payment in Plan |
|---|---|---|

NONE

(A) **Claims Secured by Real Property Which Debtor(s) Intends to Retain / Mortgage Payments Paid through the Plan:**

Debtor(s) will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. Provided, however, that regular monthly mortgage payments may not be adjusted for arrearage amounts paid through the plan. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims (except as provided below):

| Name of Creditor / Security | Total Estimated Claim | Estimated Payment |
|---|---|---|
| MOREQUITY (Homestead) | $235,287.00 | $1,942.60 of which [$1,443.45 (P&I) / $499.15 (Escrow)] |

PROVIDED HOWEVER, that in the event secured creditor is unable to timely file a proof of claim that demonstrates a valid security interest with regards to Debtors' Homestead property then upon Debtors' objection and / or pertinent motion filed with the court the Trustee will cease all distributions to this creditor until further order to the Court.

(B) **Claims Secured by Real Property Which Debtor(s) Intends to Retain / Arrearages Paid Through the Plan:**

In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims. Any arrearages shall be cured through the Plan over a period of 60 months without any further affirmative consent from creditor(s).

| Name of Creditor / Security | Total Estimated Claim | Estimated Payment |
|---|---|---|
| MOREQUITY (Homestead) | $29,730.00 | $495.50 |

(C) **Claims to which §506 Valuation is NOT Applicable:**

Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value and the debt was incurred within one year of filing.

Upon confirmation of the Plan, the interest rate and value shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. If a creditor files a timely written objection then the Debtor(s) may elect to surrender the property to creditor in full satisfaction of the value of the collateral indicated in the creditor's claim. Payments distributed by the Trustee are subject to the availability of funds.

**Name of Creditor / Security    Ad. Prot. Pmt. in Plan    Value    Int. Rate    Total to be Pd.**
NONE

     (D) **Claims to which §506 Valuation is Applicable:**

**Name of Creditor / Security    Ad. Prot. Pmt. in Plan    Value    Int. Rate    Total to be Pd.**

     (E) **Secured Claims on Personal Property – Balance, Including any Arrearage, to be Paid in Plan:**

**Name of Creditor / Security    Est. Amount    Int. Rate    Total to be Paid**

     (F) **Surrender of Collateral:**
Debtor(s) will surrender the collateral securing the following secured creditor's claim in full satisfaction of the secured creditor's claim:

**Name of Creditor                        Collateral to be Surrendered**

First Horizon Home Loans (1st mtg)    Rental: 19823 Gulf Blvd. Unit 21, Indian Shores, FL
    NOTE: There is a co-debtor listed on Schedule H

First Horizon Home Loans (2nd mtg)    Rental: 19823 Gulf Blvd. Unit 21, Indian Shores, FL
    NOTE: There is a co-debtor listed on Schedule H

Pinellas County Tax Collector    Rental: 19823 Gulf Blvd. Unit 21, Indian Shores, FL
    NOTE: There is a co-debtor listed on Schedule H

Sea Shells of Indian Shores Condo Assoc    Rental: 19823 Gulf Blvd. Unit 21, Indian Shores, FL
    NOTE: There is a co-debtor listed on Schedule H

**SECURED – LIENS TO BE AVOIDED:**
Debtor(s) shall seek to avoid the lien of the following creditors and the balances owed shall be treated as general unsecured claims for the purpose of distribution under the Plan. The stripping off of the second lien on Debtors' homestead property is conditioned on the Debtors obtaining a discharge or on further order of the Court.

| **Name of Creditor** | **Security** | **Estimated Amount** |
|---|---|---|
| First Horizon Home Loans | (2nd Mortgage / Homestead) | $58,526.00 |

4

**LEASES / EXECUTORY CONTRACTS:**

  (A) **Assume Contract:**

Debtor(s) assume the executory contracts of the following creditors.  The Debtor(s) shall pay these creditors in accordance with the terms of the contract.  Any arrearages shall be cured through the Plan.

| Name of Creditor | Type of Contract | Estimated Arrears |
|---|---|---|
| NONE | | |

  (B) **Reject Contract:**

Debtor(s) hereby reject the contract of the following creditors, thereby excluding the creditor from receiving any distribution on its claim through the Plan as well as discharging the creditor's claim upon the entry of an Order of Discharge in the Chapter 13 Case.

| Name of Creditor | Type of Contract: |
|---|---|
| NONE | |

**OTHER CREDITORS PAID IN FULL IN PLAN:**

| Name of Creditor | Description | Estimated Amount |
|---|---|---|
| NONE | | |

**UNSECURED CREDITORS:**

Unsecured creditors with allowed claims shall receive a pro rata share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan.  The anticipated distribution to unsecured creditors is $3,379.00

**OTHER PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate shall not vest in Debtor(s) until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. However, the order confirming this plan shall be deemed approval for the Debtor's sale or disposal of any item of personal property of less than $500 value without any further approval by the court.

4. Debtors believe that they may have claims that may be asserted against Morequity and others with regards to, without limitation, serious and significant problems associated with the loan documents for Debtors' Homestead property. To the extent that any recovery under these claims is not for a set-off against a validly established security in the Homestead property, then the Debtor will turn over to the control of the Chapter 13 Trustee all such recovery or as otherwise directed by subsequent order of this Court.

**PLAN SUMMARY**

The following summary is intended to provide an estimate of anticipated distributions pursuant to the proposed Chapter 13 Plan.  The actual distributions may vary based upon, among other things, the claims actually filed and valuations of collateral.

| **CREDITORS** | **AMOUNT** |
|---|---|
| **1. Secured Claims** | |
| a. Morequity (arrears) | $29,730.00 |
| **2. Priority / Administrative Claims** | |
| a. Attorney Fees | $ 2,200.00 |
| **3. Unsecured Claims** | $ 3,379.00 |
| **4. Other Claims** | N/A |
| **SUBTOTAL** | $35,309.00 |
| **Trustee's Fee on Plan Payment** | $ 3,530.90 |
| **TOTAL AMOUNT** | $38,839.90 |

60 Months @ $ 647.33 = Total Amount
=====================================================================
CHAPTER 13 PLAN PAYMENT:                                                $   797.40

Monthly Adequate Protection:

A.  First Mtg Pmt (Chase Mtg.)        $ 1,942.60

Trustee Fee on Ad. Prot. Pmt.         $  194.26

TOTAL MONTHLY ADEQUATE PROTECTION PAYMENT         $  2,136.86

**Total Monthly Payment to Chapter 13 Trustee**           **$ 2,784.19**

**DECLARATION**

I (We), KENNETH L LEWIS and ANGELA L LEWIS, the Debtors in the above-styled case, declare under penalty of perjury that I (We) have read the foregoing Chapter 13 Plan and that it is true and correct to the best of my (our) knowledge, information and belief.

Dated: May 21, 2010

/s/ Kenneth L Lewis                             /s/ Angela L Lewis
KENNETH L LEWIS                             ANGELA L LEWIS